UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

---

In re:

DUSTIN L. RAWSON,

        Debtor.

Case No. 25-02825-swd
Chapter 13
Hon. Scott W. Dales

_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                   Chief United States Bankruptcy Judge

On November 13, 2025, Dustin L. Rawson (the "Debtor"), through counsel, filed a Reaffirmation Agreement (ECF No. 14, the "Agreement") involving a car loan with Navy Federal Credit Union. Within the Agreement, prepared using an Official Form, the Debtor signed a Motion for Court Approval of Reaffirmation Agreement (the "Motion"). Because the Debtor filed a motion – a request for relief – the court set it for hearing on January 6, 2026, in Kalamazoo, Michigan. At the hearing, the Debtor appeared through counsel; Navy Federal Credit Union did not appear.

At the hearing, counsel explained that some creditors, including Navy Federal Credit Union, insist that debtors seek court approval of all reaffirmation agreements, including those that debtor's counsel have negotiated and certified as voluntary, informed, and in the debtor's best interests per statutory requirements. 11 U.S.C. § 524(c)(3).

As discussed on the record, and as reflected in the applicable Official Form used in this case,[1] the court finds it unnecessary to approve a reaffirmation agreement where, as here, a debtor

---

[1] In drafting the Agreement, the parties used an official bankruptcy form. *See* Official Form B2400A/B ALT (Form 2400A/B ALT) (12/15) (Instructions and Notice to Debtor at ¶ 7).

is represented by counsel who negotiates (and approves) the reaffirmation agreement, making the appropriate certifications. *Id.*; *see also* Agreement at p. 9 ("[Motion for Court Approval] to be completed and filed only if the debtor is not represented by an attorney during the course of negotiating this agreement..."). This instruction within the Official Form comports with the Bankruptcy Code, which requires court approval of a reaffirmation agreement as a condition precedent to enforceability *only* when a debtor does not have counsel involved in the negotiation. *Compare* 11 U.S.C. § 524(c)(3) *with* 11 U.S.C. § 524(c)(6)(A); *e.g.*, *In re Reidenbach*, 59 B.R. 248, 251 (Bankr. N.D. Ohio 1986) (court approval of a reaffirmation agreement is only necessary when: [1] the debtor does not have an attorney of record; or [2] when the debtor's attorney is not a signatory on the agreement.). Congress similarly contemplated no statutory role for the court regarding reaffirmed consumer loans secured by real estate, regardless of counsel's involvement. 11 U.S.C. § 524(c)(6)(B).

To be clear, nothing within this Memorandum of Decision and Order should be construed as curbing the court's equitable power to review reaffirmed residential loans or even attorney-approved reaffirmation agreements, matters within the court's discretion (as the legislative history for § 524(c) confirms). *See* S. Rep. No. 65, 98th Cong., 1st Sess. 59 (1983) ("[11 U.S.C. § 524(c)] provides for immediate effectiveness of the [attorney-certified] agreement upon its filing with the court, subject to the court's review of the agreement pursuant to the exercise of its equitable jurisdiction...").

To summarize, the court reviewed the Agreement in this case (just as it reviews reaffirmation agreements in all cases) and finds under the current circumstances no need to second-

guess the Debtor's experienced counsel.[2]   At the same time, however, the court also finds no statutory basis for affirmatively approving the Agreement, given the court's reading of § 524(c), and therefore will deny the Motion.  The Agreement will be enforceable (or not) in accordance with the statute.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED as unnecessary under the statute.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtor, Kerry Hettinger, Esq., Thomas C. Richardson, Esq., chapter 7 trustee, and Navy Federal Credit Union.

END OF ORDER

**IT IS SO ORDERED.**

**Dated January 8, 2026**



Scott W. Dales
United States Bankruptcy Judge

---

[2] In reviewing reaffirmation agreements, the court considers a variety of things including the terms (for example the amount of debt, contractual interest rates, loan-to-value ratios, the secured or unsecured nature of the loan), a debtor's circumstances (dependents, employment or other income, other reaffirmation agreements), as well as its experience with (and confidence in) the lawyer making the certification.